## WICKERS *v.* McKEE.

---

PATENTS; INTERFERENCE.

1. *Quære,* whether if an applicant applies his process of printing to an electrotype plate, no mention being made by him of treating an engraved plate, his specification will support a claim for an engraved printing plate, reduced in thickness from the back and depressed from the front to correspond to the successive gradations of light and shade represented by the engraving on the face, on the ground that an electrotype is a duplicate of an original plate and therefore really an engraved printing plate.

2. *Wickers* v. *McKee, ante,* 4, applied and followed.

No. 388.    Patent Appeals.    Submitted November 24, 1906.    Decided February 5, 1907.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                *Affirmed.*

The facts are stated in the opinion.

*Messrs. Griffin & Bernhard* for the appellants.

*Mr. Walter F. Rogers* and *Mr. Jacob Felbel* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

In this case, by stipulation like that in No. 387 [*ante,* 21], this day decided by this court, such parts of the record of the companion interference No. 22,400 (No. 386 Patent Appeal Docket) [*ante,* 4] between the same parties, as are common to the two interferences, are to be taken as a part of the record in this case. The issue of this interference is:

"1. An engraved printing plate reduced in thickness from the back and depressed from the front to correspond to the successive gradations of light and shade represented by the engraving on the face.

"2. That improvement in the art of preparing printing plates which consists in preparing the back of the plate with depressions and elevations corresponding to those which are to appear in the face of the plate, and in then subjecting the plate to pressure and causing said depressions and elevations to appear in the face of the plate."

For reasons in the main agreeing with those given in the opinion of this court accompanying the decision this day rendered in No. 386 Patent Appeal Docket [*ante,* 4], the Commissioner of Interferences held that McKee conceived the invention in issue and reduced it to practice in August, 1900; that Wickers and Furlong conceived the invention, but did not reduce to practice prior to the filing of their application on January 22, 1902, and that, because of their lack of diligence, Wickers and Furlong were not entitled to prevail, and therefore he awarded priority of invention of the issue of this interference to Milton A. McKee, the senior party. Upon appeal to the Examiners-in-Chief, that tribunal affirmed the decision of the Examiner of Interferences, and in so doing directed the attention of the Commissioner to the fact that McKee had no right to a claim corresponding to count one of the issue, it ap-

pearing that his application did not disclose an *engraved* printing plate, such as is called for by the first count.   Upon appeal to the Commissioner of Patents, that official affirmed the decision of the Examiners-in-Chief awarding priority of invention to McKee in respect of the second count, and reversed it as to the first count of the issue of this interference.   The Commissioner held that, for the reasons stated in his decision in the companion interference No. 22,400 (No. 386 Patent Appeal Docket) [*ante,* 4], the question as to whether McKee's application does or does not disclose an engraved plate such as is called for by the first count should be considered as ancillary to the question of priority of invention.   The Commissioner added that McKee applied his process to the electrotype, and no mention is made, throughout his specification, of treating an engraved plate, and, in view of the well-known distinction in the art between an electrotype and engraved plate, held that McKee's specification will not support a claim corresponding to the first count of the issue of this interference.

The Commissioner therefore awarded priority of invention of count one of the issue to Wickers and Furlong because McKee had no right to make the claim corresponding to this count.

The Commissioner directed the Primary Examiner, when the applications are returned to him for *ex parte* action, to consider the question of the patentability of count one of this issue over count two of the issue and over the subject-matter of the companion interference, in which McKee is held to be the prior inventor.

From this ruling of the Commissioner respecting count one of this issue, McKee's counsel dissents, and insists that the term "an engraved plate" is not a misnomer when applied to an electrotype, and that an electrotype is a duplicate of an original plate, and therefore, to all intents and purposes, is an engraved printing plate.   McKee, however, did not disclose this species of printing plate in his application, and McKee's counsel urges that the final product of Wickers and Furlong is an electrotype plate, and therefore, by this restricted definition of the issue,

is likewise excluded by this ruling. McKee, however, did not appeal from this ruling, and we concur with the Commissioner of Patents in his decision that McKee is the prior inventor of the subject-matter of the second count of this interference.

Therefore the decision of the Commissioner of Patents is affirmed, and the clerk of this court will certify this opinion and decision to the Commissioner of Patents in accordance with law.                                                   *Affirmed.*

A petition by the appellants for a rehearing, submitted February 25, 1907, was denied March 6, 1907.